■ In the Matter of EDWARD STRAUSMAN et al., Appellants, v ROBERT E. HERMAN, as Assistant Commissioner, State Rent Administration, New York State Division of Housing and Community Renewal, Respondent.—In a proceeding pursuant to CPLR article 78 to review two determinations of the Division of Housing and Community Renewal which established initial legal regulated rents pursuant to the Emergency Tenant Protection Act of 1974 (ETPA) (L 1974, ch 576, § 4), petitioners appeal from a judgment of the Supreme Court, Nassau County, entered December 18, 1975, which, *inter alia,* dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Subdivision 5 of section 35 of the Tenant Protection Regulations, promulgated pursuant to the ETPA, provides that "where a lease * * * was executed before the local effective date [of the ETPA] and the term commences on or after the local effective date, the lease shall not be effective to increase the initial legal regulated rent". In the context of this regulation, it was proper and reasonable for the respondent to determine the initial legal regulated rent on the basis of the rent reserved in the last effective lease which expired prior to the local effective date of the ETPA. In the context of emergency rent laws, a lease is effective on the date the lease term commences. To construe a lease as being effective as of the date of its execution could result in the anomalous situation of having two effective leases with two different parties for the same premises. Simplicity and tradition demand that a lease be measured by its term. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BOWDEN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 2, 1976, convicting him of robbery in the second degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. On the facts in this case, grand larceny in the second degree is not a lesser included offense of robbery in the second degree (see *People v Acevedo,* 40 NY2d 701). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.